IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL PETTIFORD,<br><br>Plaintiff,<br><br>v.<br><br>COOKOUT, INC.,<br><br>Defendant. | 1:25-cv-823 |

**MEMORANDUM OPINION AND ORDER**

Lindsey A. Freeman, United States District Judge.

Before the Court is Defendant Cook Out, Inc.'s ("Cook Out")[1] motion to dismiss *pro se* Plaintiff Michael Pettiford's Complaint. Dkt. 8. Cook Out moves the Court to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) for defective service of process, 12(b)(6) for failing to plead a claim, and under the Court's inherent authority for Plaintiff's failure to follow a Court order. As explained below, the Court GRANTS Cook Out's motion to dismiss for two independent reasons: First, Mr. Pettiford failed to properly serve Defendant. And second, Mr. Pettiford repeatedly defied Court orders.

**FACTS AND PROCEDURAL HISTORY**

In January 2023, Mr. Pettiford started employment at Cook Out. *See* Dkt. 8 at 1. He was promoted to General Manager within three months but alleges that he was later

[1] Mr. Pettiford mistakenly pleaded Defendant as "Cookout, Inc." as opposed to "Cook Out, Inc."

demoted to an hourly manager without good cause. *See id*. He alleges that during his employment he was treated differently than other, non-black employees. *See id.* He also alleges that company policies were selectively enforced against him and that he was fired despite strong work performance. *See id*. He alleges that this treatment was because of his race and because he lodged complaints about unfair treatment. *See id.*

After he was fired, he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right-to-sue letter on or around May 6, 2024. *See* Dkt. 1 at 1; Dkt. 19-1 at 2.[2] That letter enabled him to file suit within 90 days of receipt. *Id.* ("[Y]our lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice."). But he filed suit in the U.S. District Court for the Western District of North Carolina on June 18, 2025, 408 days after the EEOC issued the right-to-sue letter. *See* Dkt. 1 at 1. In that complaint, he raised equitable tolling to excuse his delay. *Id.* ¶¶ 10-29. The case was then transferred here to the Middle District, Dkt. 4, where a magistrate judge ordered Mr. Pettiford to file an amended complaint using the Complaint for Employment

---

[2] In ruling on this motion to dismiss, the Court may consider the EEOC right-to-sue letter for at least two independent reasons. First, the letter is "integral to the Complaint" and there is no dispute over its authenticity. *See Goines v. Valley Comm. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Second, the letter is a public record, of which the Court may take judicial notice. *See Reid v. Ill. Tool Works, Inc.*, 1:25-cv-701, at *8 n.5 (M.D.N.C. May 26, 2026) (citing *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015)).

Discrimination pleading form available on this Court's website[3] and to attach his old complaint to that form if he wished for this Court to consider the facts and arguments in it. *See* Dkt. 6. The magistrate judge told him that the Court would not consider anything he failed to attach to the pleading form because "[t]he form and attachments will replace the original filing." Dkt. 6 and 2 n.2. She warned him that failure to file on the proper form would mean dismissal. *Id.* at 2.

Eight days after that order, Mr. Pettiford filed a complaint in this Court, but he did not use the pleading form the magistrate judge ordered him to use. *See* Dkt. 8 ("operative complaint"). Nor did he attach his original complaint from the Western District, which contained all the facts related to his equitable tolling defense; those facts are absent from the operative complaint, as are other facts such as Mr. Pettiford's race. *Compare* Dkt. 1 at 3 (alleging Mr. Pettiford is African American), *with* Dkt. 8 (no such allegation). Instead, the operative complaint merely alleges three counts: (1) race discrimination under Title

---

[3] The magistrate judge also directed the Clerk's Office to send Mr. Pettiford the proper forms. *See* Dkt. 6 at 1. From the docket, it appears the Clerk's Office did so. *See* Minute Entry, 9/8/2026 (noting manual mailing of Application to Proceed In Forma Pauperis ("IFP") (Long Form) and Complaint for Employment Discrimination form to Mr. Pettiford). Although Mr. Pettiford filed the correct IFP (Long Form) application, *see* Dkt. 7, his complaint was still not on the correct form, *see* Dkt. 8. The correct pleading form is available at U.S. Dist. Ct., Middle Dist. N.C., Pro Se (Non-Prisoner) Information and Forms, Complaint for Employment Discrimination, https://www.ncmd.uscourts.gov/pro-se-non-prisoner-information-and-forms.

VII; (2) retaliation under Title VII; and (3) race discrimination under 42. U.S.C. § 1981. *See generally id.*

The magistrate judge nevertheless allowed Mr. Pettiford to serve the operative complaint. In an October 7, 2025, order granting Mr. Pettiford leave to proceed *in forma pauperis*, the magistrate judge instructed Mr. Pettiford to "prepar[e] and deliver[] to the Clerk . . . the correct summons for service on each defendant, including the correct address and the name and title of the individual to be served on behalf of a corporation." Dkt. 10. She warned that failing to prepare and deliver a correct summons within 15 days "shall result in this case being dismissed without further notice." *Id.* Mr. Pettiford delivered the summons the next day, but it was not correct. *See* Dkt. 11. It was improperly addressed. *Compare id.* at 1 ("15 Laura Avenue, Thomasville, NC"), *with* Dkt. 19 at 5 n.4 ("15 Laura Lane, Thomasville, NC") (citing Cook Out's business registration profile with North Carolina Secretary of State).[4] And it failed to list "the name and title of the individual to be served on behalf of" Cook Out, a corporation. *See* Dkt. 11 at 1 (listing only "Cookout, Inc." and address). On December 9, 2025, the U.S. Marshals Service served the complaint and summons at Cook Out's Thomasville location. There, they

---

[4] The Court takes judicial notice of Defendant's proper business address because it is a fact that "is not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (citing Fed. R. Evid. 201).

served Pat Hunt, an insurance administrator. *See* Dkt. 17 at 1 ("Served in person to Ms. Pat Hunt.").

On January 28, 2026, Cook Out moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) and other grounds. Dkts. 18-19. Mr. Pettiford responded, Dkt. 21, and Cook Out replied, Dkt. 22. This matter is now fully briefed and ready for the Court's review.

**ANALYSIS**

Cook Out moves to dismiss all of Mr. Pettiford's claims under Rule 12(b)(5) for improper service of process. *See* Dkt. 19 at 13-16. Cook Out also argues that Counts I and II should be dismissed as untimely and that all claims should be dismissed under Rule 12(b)(6) for a failure to state a claim. *See id.* at 16-24. Because the Court agrees that Cook Out was not properly served here, it cannot reach Cook Out's remaining arguments for dismissal at this time. *See Shaver v. Cooleemee Volunteer Fire Dep't*, No. 1:07-cv-175, 2008 WL 942560, at *1-2 (M.D.N.C. Apr. 7, 2008) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir.1984)) (finding deficient service deprives Court of personal jurisdiction to hear merits).

**I. Dismissal for improper service is warranted under Rule 12(b)(5).**

Because Mr. Pettiford did not properly serve Cook Out, and because his failure was not excusable error, the Court grants Cook Out's Rule 12(b)(5) motion to dismiss.

Courts must liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation modified). Because most *pro se* litigants are not attorneys, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. But that standard does not exempt *pro se* plaintiffs from the Federal Rules of Civil Procedure. *See Hollis v. Lakeview Loan Care LLC*, No. 3:23-cv-153, 2026 WL 1998678, at *1 (W.D.N.C. July 10, 2026); *Nichols v. Bumgarner*, 173 F.4th 511, 517 (4th Cir. 2026) ("Pro se plaintiffs, like all other litigants, must comply with substantive and procedural rules." (citation modified)). Moreover, "[a]lthough courts afford *pro se* plaintiffs a degree of leniency in the litigation process, this Court has made it clear that *pro se* plaintiffs must still strictly follow the rules for process and service of process." *Williams v. Future Foam, Inc.*, No. 1:24-cv-603, 2025 WL 1166870, at *3 (M.D.N.C. Apr. 22, 2025), *adopted*, 2025 WL 2147337 (M.D.N.C. July 29, 2025).

The Federal Rules of Civil Procedure outline two methods to serve a corporate defendant. Under Federal Rule 4, a plaintiff can serve a domestic corporation either (1) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), or (2) by "following [the applicable] state law for serving a summons,"[5] *see id.* at (4)(h)(1)(A), 4(e)(1). Mr. Pettiford has done neither.

[5] "North Carolina law requires that service of process statutes be strictly construed and followed, and a plaintiff who fails to comply with them, even where actual notice occurs,

Mr. Pettiford did not achieve service under the federal standard because he did not serve an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of Cook Out. Nor did Mr. Pettiford achieve service under North Carolina law. In relevant part, North Carolina Rule of Civil Procedure 4 largely mirrors Federal Rule 4, except that it also permits "leaving copies [of the complaint and summons] in the office of such officer, director, or managing agent with the person who is apparently in charge of the office." *See* N.C. Gen. Stat. § 1A-1, Rule 4.

Mr. Pettiford delivered a summons to the Clerk that failed to include "the name and title of the individual to be served" on behalf of Cook Out. Dkt. 10; *see* Dkt. 11. Because Mr. Pettiford listed no name, the Marshals Service ultimately served the complaint and summons on Pat Hunt, an insurance administrator working at Cook Out's Laura Lane office. *See* Dkts. 17, 19-2 ¶¶ 3-4.[6] But Ms. Hunt is not an officer, managing or

---

does not properly serve the defendant." *Shaver v. Cooleemee Volunteer Fire Dep't*, No. 1:07-cv-175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (citing *Stack v. Union Reg'l Mem. Med. Ctr., Inc.*, 171 N.C. App. 322, 327-28 (2005); *Greenup v. Register*, 104 N.C. App. 618, 619-20 (1991); *Broughton v. Dumont*, 43 N.C. App. 512, 514-15 (1979)).

[6] "The Court may consider documents outside of the pleadings when addressing whether Plaintiff properly served Defendant." *Jackson v. Publix Super Mkts. Inc.*, No. 6:25-cv-11631, 2025 WL 3490953, at *7 (D.S.C. Oct. 10, 2025), *adopted,* 2025 WL 3124123 (D.S.C. Nov. 7, 2025); *Lackey v. County of Macon*, No. 2:09-cv-42, 2009 WL 2462186, at *2 (W.D.N.C. Aug. 7, 2009) ("Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered.").

general agent, or other agent authorized to receive process, as specified by Federal Rule 4. *See* Dkt. 19-2 ¶ 3. Nor was Ms. Hunt "apparently in charge of the office," nor is there any indication that a copy of the summons and complaint was left in the office of an officer, director, or managing agent as North Carolina Rule 4 permits. Plaintiff therefore failed to meet the service requirements under either Federal Rule 4 or North Carolina Rule 4. *See Shaver*, 2008 WL 942560, at *2 (dismissing under 12(b)(4)-(5) because summons failed to list individual authorized to accept service on behalf of corporation, even though such an individual signed the return receipt); *Brunson v. Livingstone Coll.*, No. 1:24-cv-240, 2025 WL 2207872, at *3 (M.D.N.C. Aug. 4, 2025) (finding that service on the defendant's receptionist was insufficient despite being made by Marshals Service).

Because Mr. Pettiford has failed to properly serve Cook Out, his complaint must be dismissed under Rule 12(b)(5), Rule 4(m) notwithstanding. Federal Rule of Civil Procedure 4(m) requires courts to extend the time for service if the plaintiff shows good cause for failing to serve. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022); *see also Monroe v. Adams*, No. 1:24-cv-770, 2026 WL 879993, at *1 (M.D.N.C. Mar. 30, 2026) (discussing authority of *Gelin*). The Fourth Circuit has "suggested that where an in forma pauperis plaintiff . . . has no control over the delay in service of process by the Marshals Service, that delay 'constitutes good cause requiring' a Rule 4(m) extension." *McGraw v. Gore*, 31 F.4th 844, 852 (4th Cir. 2022) (citing *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995)

("[T]he Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m).")).

But Mr. Pettiford has not shown good cause for failing to properly serve Cook Out because he caused the delay—not the Marshals Service—by failing to follow a Court order. Mr. Pettiford made no effort to comply with the Court's order to include "the name and title of the individual to be served" on behalf of Cook Out in the summons. Dkt. 10. He did not merely misspell the name of the proper recipient, *cf.*, *e.g.*, *Jones v. Whitaker*, 59 N.C. App. 223, 224 (1982) (summons naming "Sherrie Sapp Whitaker" sufficed to serve Shirley Sapp Whitaker), he wrote no name at all, *see* Dkt. 11. His failure to follow the Court order caused the Marshals Service to fail to serve an appropriate individual. Mr. Pettiford's response to Cook Out's 12(b)(5) motion does not explain the reason for omitting the name but merely asks this Court for leniency because of his *pro se* status. *See* Dkt. 21 at 1. But proceeding *pro se* does not confer a license to ignore the Federal Rules of Civil Procedure. *See Bumgarner*, 173 F.4th at 517. Because Mr. Pettiford has not shown good cause, this Court is not required to extend time for service under Rule 4(m).

The Court still has discretion to extend time for service under Rule 4(m), *see Gelin*, 35 F.4th at 220, but it declines to use it. It is true that dismissal for improper service is not mandated where the defendant received actual notice of the action and was not prejudiced by the improper service. *Bullock v. AW N. Carolina*, No. 1:18-cv-1041, 2019 WL 13296012, at *2 (M.D.N.C. Apr. 9, 2019) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69

(4th Cir. 1963)). But "dismissal is [still] proper when service is insufficient." *Id.* (citing *Maybin v. Northside Corr. Ctr.*, 891 F.2d 72, 73 (4th Cir. 1989)).

In this case, the Court declines to use its Rule 4(m) discretion to extend time for service because Mr. Pettiford has not made a "good faith and reasonable effort at service." *Baldwin v. Fletcher*, No. 5:23-cv-197, 2024 WL 4942397, at *4-5 (W.D.N.C. Dec. 2, 2024), *aff'd,* No. 24-2210, 2025 WL 2437837 (4th Cir. Aug. 25, 2025), *cert. denied,* 146 S. Ct. 906 (2025) (Mem.) (finding good cause for delay under Rule 4(m) because of "good faith and reasonable effort at service" by *pro se* plaintiff who left summons and complaint at defendant-officer's police station and law firm of defendant's attorney). Mr. Pettiford cites *Baldwin*, Dkt. 21 at 1, but it hurts rather than helps him. In *Baldwin*, the court decided Rule 4(m) prohibited dismissal despite improper service, but it nevertheless considered the merits of the defendant's 12(b)(6) motion and dismissed the complaint. This Court, in contrast, will give Mr. Pettiford one last chance to file an amended complaint—attaching all of the information he deems relevant to his claims—and to properly serve Cook Out. And it does not appear that the plaintiff in *Baldwin* had run roughshod over multiple Court orders, which this Court considers inconsistent with "good faith and reasonable effort." *Baldwin*, 2024 WL 4942397, at *5.

Because Mr. Pettiford has failed to serve Cook Out under the Federal or North Carolina Rules of Civil Procedure, and because he has not shown good cause for his failure to do so, the Court grants Cook Out's motion to dismiss under Rule 12(b)(5).

## II. Dismissal for defying Court orders is warranted under Rule 41(b) and the Court's inherent authority.

Dismissal is independently warranted under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority for Mr. Pettiford's repeated failure to follow Court orders. *See Cuffee v. Dep't of Corr.*, 757 F. App'x 272, 272 (4th Cir. 2019) (Mem.); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630-32 (1962) (finding district courts have inherent authority to dismiss cases *sua sponte*); Dkt. 19 at 12-13 (moving this Court to dismiss for failure to follow Court order, though not invoking Rule 41(b)); *see, e.g.*, *Deuser v. Talbert*, No. 1:17-cv-855, 2017 WL 10665104, at *1 (M.D.N.C. Dec. 5, 2017), *adopted,* 2018 WL 6731670 (M.D.N.C. Jan. 11, 2018) (dismissing *pro se* action *sua sponte* under Rule 41(b) for failure to follow Court order).

Mr. Pettiford has repeatedly defied Court orders. This Court ordered him to use a standard pleading form and attach his original complaint from the Western District if he wished to preserve his equitable tolling arguments. Dkt. 6. He did not do so. *See* Dkt. 8. And this Court ordered him to deliver a correct summons listing the name and title of an individual authorized to accept service on behalf of Cook Out. Dkt. 10. Instead, he delivered a summons with an incorrect address and no name at all, *see* Dkt. 11, which is what caused the improper service, *see* Dkt. 17.

And the Court warned him that defying Court orders could result in dismissal. Both orders warned that his failure to comply would result in dismissal. Dkt. 6 at 2 ("If Plaintiff fails to file an Amended Complaint on the proper form . . . the Court will

recommend that this case be dismissed without prejudice."); Dkt. 10 ("Failure to prepare and deliver said summons within 15 days from the filing of this order shall result in this case being dismissed without further notice.").

Because Mr. Pettiford did not heed the Court's warnings, his complaint is dismissed.

## III. The Court grants Mr. Pettiford a final chance to cure the defects in his pleadings and service.

Mr. Pettiford's trouble following orders has meant that important issues regarding the statute of limitations, equitable tolling, and the merits of his civil rights claims have not been properly presented to this Court. Because this Court would rather dispose of this case on the merits, *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471-72 (4th Cir. 1993), the Court will dismiss the complaint without prejudice and grant leave to amend. Mr. Pettiford has 30 days from the date of this Order to file an amended complaint. But this will be his final opportunity to present *all* arguments he wishes the Court to consider. So, if he wishes this Court to consider, for example, his arguments about equitable tolling, *see* Dkt. 1, he must either (a) include those arguments within the body of his amended complaint, or (b) attach his original complaint, Dkt. 1, as an exhibit to his amended complaint. No claims brought or facts alleged in the Western District complaint will be considered otherwise.

Defects with service must also be cured. If Mr. Pettiford files an amended complaint that meets the above criteria, the Court instructs Cook Out to either (a) waive service of the summons and complaint, or (b) provide Mr. Pettiford with the name and address of an individual authorized to accept service on behalf of Cook Out in this matter. If Cook Out chooses the latter option, Mr. Pettiford will have one final opportunity to deliver a correct summons to the Clerk for service by the Marshals Service. His failure to properly address that summons will result in dismissal.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. All counts against Defendant are DISMISSED WITHOUT PREJUDICE under Rule 12(b)(5) for insufficient service of process, and under Rule 41(b) and the Court's inherent authority for Plaintiff's repeated failure to follow Court orders. The Court GRANTS Plaintiff leave to file an amended complaint that meets the above criteria within 30 days of the date of this Order. If he does so, the Court INSTRUCTS Defendant to either waive service of process or provide Plaintiff with the name and address of a proper service recipient.

Should Plaintiff fail to file an amended complaint per this Order within 30 days, a judgment dismissing this action without prejudice will be entered. Should Plaintiff file the amended complaint, Defendant will be given the opportunity to respond in the normal course.

It is SO ORDERED.

This the 30th day of September, 2026.

LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE